IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03063-BNB

ROBERT J. LANDRUM,

    Plaintiff,

v.

BRAD MALLON, Director of the Colorado Department of Human Service, and
MARKIE DAVIS, Head and Program Supervision of the Office of Risk Management,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Robert J. Landrum, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Landrum has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. He seeks damages and injunctive relief.

    Mr. Landrum has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

    The Court must construe the Prisoner Complaint liberally because Mr. Landrum

is not represented by an attorney in this action.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint and other documents reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  **Hall**, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  **See id.**

Mr. Landrum's sole claim in the Prisoner Complaint arises out of a motor vehicle accident on November 19, 2010, when he was being transported to a court hearing in a DOC transport van.  Mr. Landrum asserts that he injured his right arm, shoulder, and leg when he was thrown against the metal wall and metal seat bench as the driver of the transport van "swerved viol[e]ntly to the left to avoid hitting a vehic[le] in front of the transport van at 80 m.p.h." (Doc. #1 at 6.)  Mr. Landrum further asserts that the other vehicle "stopped sudden[]ly in front of the transport van in the middle of the highway and with no warning."  (*Id.* at 3.)  Mr. Landrum contends that the transport van did not have any seatbelts and that he was unable to protect himself from injury while being thrown around the transport van because his arms and legs were restrained.  Mr. Landrum specifically claims that his Eighth Amendment rights were violated.  The named Defendants are the director of the Colorado Department of Human Services and a supervisor within the Colorado Office of Risk Management, which Mr. Landrum contends is a division of the Colorado Department of Human Services.  Mr. Landrum is suing these Defendants because the Office of Risk Management allegedly insures all

DOC vehicles and knew or reasonably should have known that DOC transport vans do not have seatbelts for inmate use and took no action to correct this problem.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm."  **Tafoya v. Salazar**, 516 F.3d 912, 916 (10th Cir. 2008).  In order to assert a cognizable claim under the Eighth Amendment, Mr. Landrum must allege that Defendants were deliberately indifferent to a substantial risk of serious harm.  **See Farmer v. Brennan**, 511 U.S. 825, 834 (1994).  Stated another way, Mr. Landrum must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference.  **See Tafoya**, 516 F.3d at 916.

The facts alleged by Mr. Landrum do not demonstrate that the risk he faced by being transported in a van without seatbelts was sufficiently serious.  In the context of a claim based on an alleged failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  **Farmer**, 511 U.S. at 834.  However, the mere fact that Mr. Landrum was transported in a van without seatbelts did not expose him to a substantial risk of serious harm.  **See Dexter v. Ford Motor Co.**, 92 F. App'x 637, 641 (10th Cir. 2004) (concluding that "a failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension.").

The Court also finds that Mr. Landrum fails to allege facts that demonstrate Defendants acted with deliberate indifference.  Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk

of serious harm and disregards that risk by failing to take reasonable measures to abate it." ***Farmer***, 511 U.S. at 847.  That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." ***Id.*** at 837.  Mr. Landrum fails to allege any facts that demonstrate either Defendant knowingly disregarded a substantial risk of serious harm. Therefore, the action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore ***in forma pauperis*** status will be denied for the purpose of appeal.  ***See Coppedge v. United States***, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed ***in forma pauperis*** in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.  It is

FURTHER ORDERED that leave to proceed ***in forma pauperis*** on appeal is denied.

DATED at Denver, Colorado, this  9th  day of   December  , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court